UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KODY ALLEN GUYNN,

        Plaintiff,

  v.                                         25-CV-725-LJV
                                                     DECISION & ORDER
MIKE GRIFFEN and RICKY
ARMSTRONG,

        Defendants.
_____

        The pro se plaintiff, Kody Allen Guynn, is a prisoner confined at the Ector County Jail in Odessa, Texas. *See* Docket Item 1 at 1. On August 5, 2025, he commenced this action under 42 U.S.C. § 1983 alleging violations of his constitutional rights arising from his confinement. Docket Item 1. This Court administratively terminated Guynn's case on August 22, 2025, Docket Item 2, but reopened it on September 19, 2025, after Guynn paid the filing and administrative fees.

        Since commencing this action, Guynn has filed two motions styled as requests for a writ of habeas corpus and his early release. *See* Docket Items 4, 6. But none of Guynn's allegations—either with respect to his section 1983 action or his motions for early release—have anything to do with the Western District of New York. On the contrary, Guynn's allegations all involve the Westen District of Texas. Therefore, and for the reasons that follow, this action is transferred to the United States District Court for the Western District of Texas, and the Court leaves the determination of Guynn's pending motions to that court.

1

## **DISCUSSION**

Under 28 U.S.C. § 1391(b), a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). When a case is filed in a district in which venue is improper, the court shall dismiss the case "or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a).

Here, all the events underlying the claims asserted in the complaint are alleged to have occurred in Odessa, Texas, in Ector County. *See* Docket Item 1. Ector County is within the geographical confines of the Western District of Texas. *See* 28 U.S.C. § 124(d). Moreover, Guynn alleges that the individual defendants are located in Austin and Odessa, Texas, Docket Item 1 at 2, both of which are within the Western District. *See* 28 U.S.C. § 124(d). Thus, this case belongs in the Western District of Texas, and there is no basis for venue in this District.

## **CONCLUSION**

In light of the above, it is in the interest of justice to transfer Guynn's case to the United States District Court for the Western District of Texas under 28 U.S.C. § 1406(a). This Court does not rule on the sufficiency of Guynn's complaint, nor does it consider

his motions for early release; instead, the Court leaves those issues to the Western District of Texas.

Therefore,

IT IS HEREBY ORDERED that the Clerk of the Court shall transfer this case to the United States District Court for the Western District of Texas.

SO ORDERED.

Dated:     October 23, 2025
           Buffalo, New York

                                                */s/ Lawrence J. Vilardo*
                                                LAWRENCE J. VILARDO
                                                UNITED STATES DISTRICT JUDGE